**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**TINA M. VARLESI,**

    Plaintiff,

v.

Case No. 10-14793
Honorable Denise Page Hood

**WAYNE STATE UNIVERSITY, et al.,**

    Defendants.

_____/

**ORDER REGARDING MOTIONS IN LIMINE**

**I.  BACKGROUND**

The remaining claim to be tried before the jury is the pregnancy discrimination and retaliation claims against the Wayne State University Defendants. Plaintiff Tina M. Varlesi alleges that Defendants dismissed her from the Masters of Social Work program because she was unwed and pregnant. This matter is before the Court on Motions in Limine filed by the parties. Response and reply briefs have been filed.

**II.  ANALYSIS**

    **A.  Motions in Limine filed by the Wayne State University Defendants**

        **1.  Exclude Liability or Damages Expert Testimony (#85)**

The Wayne State Defendants seek to exclude Plaintiff from presenting expert testimony as to liability and damages because Plaintiff has not presented any expert reports during discovery. Plaintiff responds that she will not be presenting any expert testimony at trial. The Court grants the Wayne State Defendants' Motion to exclude liability or damages expert testimony at trial.

### 2. Exclude Evidence of Future Damages (#86)

The Wayne State University Defendants seek to exclude evidence regarding front pay because it is speculative and Plaintiff is not calling an expert to testify on future damages. Plaintiff agrees that it is for the Court to resolve the issue of front pay under Sixth Circuit precedent, but asserts that the jury should be able to consider the amount of damages.

Future damages or front pay is compensation for "the post-judgment effects of past discrimination." *Shore v. Federal Express Corp.,* 777 F.2d 1155, 1158 (6th Cir. 1985). "While the determination of the precise amount of an award of front pay is a jury question, the initial determination of the property of an award of front pay is a matter for the court." *Arban v. West Publishing Corp.,* 345 F.3d 390, 406 (6th Cir. 2003). The district court's determination of whether an award of front pay is appropriate must ordinarily precede its submission of the case to the jury. *Roush v. KFC Nat'l Management Co.,* 10 F.3d 392, 398-99 (6th Cir. 1993). Awards of front pay must be guided by consideration of certain factors, including: an employee's duty to mitigate; the availability of employment opportunities; the period within which one by reasonable efforts may be re-employed; the employee's work and life expectancy; the discount tables to determine the present value of future damages; and other factors that are pertinent on prospective of damage awards. *Id.* at 399. In *Arban,* the trial court determined not to submit the issue of front pay to the jury after proofs were presented at trial and finding that there was insufficient evidence for the issue to be brought to the jury. *Arban,* 345 F.3d at 406. Speculative testimony on front pay cannot support submitting the issue to the jury. *Id.* at 407. An economic expert's testimony on the issue of future damages or front pay based on the Social Security Wage Index was found to be speculative. *Id.*

In this case, the front pay issue need not be determined by the Court until proofs have been

presented at trial. However, in light of Plaintiff's representation that she will not be calling any experts at trial, the Court cannot allow any testimony, by way of any other witness who may testify at trial which Plaintiff (or the defense) did not designate as an expert on the subject and as to any factors pertinent to the calculation of future damages, such as Plaintiff's work and life expectancy and discount tables to determine the present value of future damages. Plaintiff asserts that there will be witnesses from Wayne State University who have knowledge as to the wages of individuals who have received a Master's of Social Work degree. Because these witnesses were not designated as expert witnesses on damages, the Court cannot allow such testimony from these witnesses. The Wayne State University witnesses are most likely to be called as fact witnesses regarding the Wayne State University Defendants' liability on the remaining claims, not as experts on damages as to how much an individual earns with a Master's of Social Work degree.

As to mitigation of damages, a factor the district court must consider in awarding front pay, in a Title VII case, the defendant bears the burden of establishing that the plaintiff lacked diligence in mitigating damages by showing that there were substantially equivalent position available and that the plaintiff did not diligently pursue those positions. *Madden v. Chattanooga City Wide Service Dep't,* 549 F.3d 666, 680 (6th Cir. 2008). The Court defers ruling on the mitigation of damages issue until proofs have been presented at trial since there is evidence, as presented by the Wayne State University Defendants in their motion, that Plaintiff sought to apply to other schools and did seek employment after her dismissal from Wayne State University's program.

The Wayne State University's Motion in Limine as to future damages is granted in part as to expert testimony on this issue and denied in part as to the mitigation issue. The Court will determine whether future damages will be submitted to the jury after proofs have been presented on

this issue.

### 3. Exclude Hearsay Evidence (#87)

The Wayne State University Defendants seek to exclude hearsay statements of other educational institutions' staff as to the reasons why Plaintiff was not accepted to their program–because Plaintiff was dismissed from Wayne State University's Masters of Social Work program. Plaintiff responds that the Court should rule on this issue when the proofs are presented at trial. Plaintiff asserts that her knowledge or understanding as to other institution's requirements are not hearsay.

Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted. Fed. R. Civ. P. 801(c). An out-of-court statement offered to provide something other than the truth of the matter asserted falls outside the definition of hearsay and is admissible. A listener's or witness' knowledge is not hearsay if knowledge or state of mind is an element of the offense. *United States v. Johnson,* 71 F.3d 539, 543 (6th Cir. 1995); *United States v. Boyd,* 640 F.3d 657, 664 (6th Cir. 2011).

Based on Plaintiff's argument that she will not be using the statements made by other institutions to prove that she was rejected because of her dismissal from Wayne State University, but rather to show Plaintiff's knowledge or understanding as to the institutions' admission requirements and transfer policies, then such statements are not hearsay. However, should Plaintiff testify that the other institutions informed her that she was rejected because of Wayne State University's dismissal, then such statements would be hearsay. The Court denies without prejudice the Wayne State University Defendants' Motion in Limine to exclude hearsay statements. This matter will be reconsidered upon a proper objection at trial.

### 4. Exclude Plaintiff's Lay Testimony Regarding Medical Condition and Economic Damages (#88)

The Wayne State University Defendants seek to exclude Plaintiff's testimony regarding her medical or mental condition, including diagnosis, prognosis or cause of her condition because Plaintiff is not an expert and her lay testimony would not be rational or helpful to the jury. They also seek exclusion of any testimony by Plaintiff regarding the valuation or calculation of economic damages including future damages because she is not an expert. Plaintiff responds that she should be able to testify regarding damages, such as emotional distress, and other symptoms. Plaintiff asserts that she is not presenting testimony from experts or treaters and will not testify as to diagnoses. As to future damages, Plaintiff relies on her prior arguments above.

It is well settled that Title VII plaintiffs can prove emotional injury by testimony without medical support. *Turic v. Holland Hospitality, Inc.,* 85 F.3d 1211, 1215 (6th Cir. 1996). Plaintiff may testify to her symptoms, nervousness, humiliation, etc., without medical expert or treater testimony. As to future damages, for the same reasons set forth above, Plaintiff may not testify as to issues relating to future damages which require expert testimony. The Wayne State University Defendants' Motion in Limine as to medical condition and economic damages is granted in part and denied in part.

### 5. Exclude Irrelevant Evidence (#90)

The Wayne State University Defendants seek to exclude what they claim as irrelevant evidence, including evidence regarding matters that have been ruled upon by the Court, statements or actions by any employee of the Salvation Army, evidence that the placement at the Salvation Army violated the Field Education Manual, evidence that Defendant Carol Premo is a private practitioner who is not a Licensed Master of Social Work, evidence that Marilyn Knall told Plaintiff

not to include discrimination allegations in her request for reinstatement, and evidence that the Michigan Department of Civil Rights representative believed the Plaintiff's claim had merit. Plaintiff responds that the cited testimony and evidence are relevant.

The Federal Rules of Evidence provide that only evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence may be used in court. Fed. R. Evid. 401. As noted above, the claims remaining to be tried are the retaliation and pregnancy discrimination claims. To establish a retaliation claim, Plaintiff must show: 1) protected activity by the plaintiff; 2) knowledge by the defendant of the protected activity; 3) adverse school-related action; and 4) causal connection between the protected activity and the adverse action. (2/16/12 Opinion, p. 35) If the *prima facie* case is established, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions and then the burden shifts back to the plaintiff to demonstrate that the articulated reasons are pretextual. *Id.* In a pregnancy discrimination claim, Plaintiff must show: 1) she was pregnant; 2) she was qualified for the job; 3) she was subjected to an adverse employment decision; and, 4) there is a nexus between her pregnancy and the adverse employment action. *Id.* at 43. If the *prima facie* case is established, the burden then shifts to the defendant to articulate a legitimate non-discriminatory reason for its action. *Id.* at 44. The plaintiff then must demonstrate that the proffered reason is pretext by showing that the reason has no basis in fact, that the reason did not actually motivate the defendant's challenged conduct, or was insufficient to warrant the challenged conduct. *Id.*

### a. Statements by Salvation Army Employees

The Wayne State University Defendants seek to exclude statements by the Salvation Army

employees which they claim were not brought to the attention of Wayne State University decision makers. Some of the testimony they seek to exclude are statements made by the Salvation Army employees include:

> 1) Glen Maloney's statements to Plaintiff: that her parents are proud to have a daughter that is having a baby out of wedlock; if you didn't live in Bloomfield Hills then you would be living in Taylor in a trailer park; and that Plaintiff was a "beached whale."
>
> 2) Joyce Stefanski's comment that Plaintiff "obviously had relations with someone," that "rings do not deter men," and that "they can look but cannot touch."
>
> 3) Statements regarding Plaintiff's clothing.

(Doc. #90, p. 5) Plaintiff responds that the discovery received by Plaintiff from the Wayne State University Defendants shows that these statements were brought to the attention of either the Ombudsman or the EEO office. Plaintiff asserts that she seeks to admit these comments to show that she was retaliated against for complaining about discrimination.

It appears that Wayne State University, through its agents, had notice of these comments based on the discovery it provided to Plaintiff. If the decision makers had no knowledge of these statements, the individual Defendants can so testify at trial. The statements as argued by Plaintiff may be relevant to show that Plaintiff did submit such complaints to the Wayne State Defendants and that the Wayne State Defendants had knowledge of such complaints.

### b. WSU Work Policy and Field Placement Education Manuals

The Wayne State University Defendants seek to exclude evidence that they ignored Wayne State's own policies regarding field placement with respect to Plaintiff's internship at the Salvation Army. They further argue that Plaintiff must show that she was treated differently from others when the Wayne State University Defendants did not allegedly follow the manuals and policies. Plaintiff

responds that this evidence goes to the credibility of the Wayne State University Defendants and to whether their reasons for dismissing Plaintiff are believable.

It is noted that the factors to be proved under a retaliation or pregnant discrimination claim do not require that Plaintiff establish a comparable. Evidence regarding the Wayne State University Defendant's failure to follow the relevant policies may be relevant as to whether their actions were merely pretext. As argued by Plaintiff, this evidence may be relevant.

### c. Premo's Lack of License

The Wayne State University Defendants seek to exclude evidence that Defendant Carol Premo is practicing without a license. Premo allowed her license to practice social work to lapse in 2001 because she retired. However, Premo testified that she has recently seen two patients. The Wayne State University Defendants argue that the University does not require licensure in order to be a faculty advisor. Plaintiff responds that the lack of license goes to Premo's credibility, professionalism and judgment. Plaintiff asserts that Premo is a key decision-maker.

Rule 608 of the Rules of Evidence provides that a witness' credibility may be attacked by testimony about the witness' reputation "for having a character for truthfulness or untruthfulness." Fed. R. Evid. 608(a). Extrinsic evidence is not admissible to prove specific instances of a witness' conduct in order to attack or support the witness' character for truthfulness. Fed. R. Evid. 608(b). At this stage, there is no evidence before the Court as to Premo's character for truthfulness or untruthfulness. Whether or not Premo practiced social work without a license does not support a claim that Premo has a character for untruthfulness.

In addition, Rule 404(b) provides that other crimes, wrongs or acts are not admissible to prove the character of a person, unless the evidence is presented for another purpose. Rule 404(b)

8

provides:

> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b). In this case, Plaintiff has not shown that Premo's act is admissible for any other purpose. At this time, the Court excludes the evidence that Premo practiced without a license.

### d. Advice Given by Marilyn Knall

The Wayne State Defendants seek to exclude testimony as to the advice given by Marilyn Knall to Plaintiff regarding what to include in Plaintiff's request for reinstatement since this advice cannot be attributable to the Wayne State Defendants. Plaintiff responds that this evidence is offered to show what Plaintiff's understanding was as to what to include in her reinstatement request. Although statements not made by the decision maker, Plaintiff may present this evidence to show her understanding of what was required to be included in her reinstatement request. If the decision maker has no knowledge of these statements, they can so testify at trial.

### e. Michigan Department of Civil Rights

The Wayne State Defendants seek to exclude testimony Regarding statements by Nicole Pardo of the Michigan Department of Civil Rights that she believed Plaintiff's case had merit. The Wayne State Defendants argue that Pardo cannot opine on the ultimate issue because such a lay opinion does not assist the jury. *Slayton v. Ohio Dep't of Youth Services,* 206 F.3d 669 (6th Cir. 2000). Plaintiff responds that there exists no basis to exclude the testimony.

The Court finds that Pardo's testimony is not relevant to the ultimate facts and issues that

the jury will determine. Pardo is not a fact witness in this case. Rather, Pardo reviewed evidence submitted by the parties before the MDCR. Pardo's opinions go to the ultimate issues in this case and will not be allowed at trial.

### B. Motion in Limine filed by Plaintiff (#91)

Plaintiff seeks to exclude three issues from trial: 1) evidence of Plaintiff's internship at the Veterans Administration, other than successfully completing the internship and receiving the highest possible mark–"satisfactory" from Wayne State University; 2) evidence as to Plaintiff's 2002 hospitalization; and, 3) details surrounding Plaintiff's engagement being called off in 2007. The Wayne State University Defendants respond that the evidence regarding the VA internship is relevant to their determination to dismiss Plaintiff from the program. Also, the Wayne State Defendants assert that the evidence as to her engagement and her hospitalization are relevant to Plaintiff's claim of emotional distress.

The Court finds that the evidence regarding the VA internship is relevant to the decisionmaker's determination in this case as to their reasons why Plaintiff was dismissed from the program. The Court also finds relevant the evidence regarding Plaintiff's engagement and her hospitalization relevant to Plaintiff's claim of emotional distress. However, such evidence will not be admissible unless Plaintiff opens the door in her testimony about how she has been damaged emotionally. The Court initially grants the motion as to the engagement and hospitalization unless Plaintiff opens the door during her testimony.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Wayne State University Defendants' Motion in Limine as to

10

Expert Testimony as to Liability and Damages **(No. 85)** is GRANTED as agreed to by Plaintiff.

IT IS FURTHER ORDERED that the Wayne State University Defendants' Motion in Limine to Exclude Evidence of Plaintiff's Alleged Future Damages **(No. 86)** is GRANTED in part and DENIED in part as more fully set forth above.

IT IS FURTHER ORDERED that the Wayne State University Defendants' Motion in Limine to Exclude Hearsay Evidence **(No. 87)** is DENIED without prejudice.

IT IS FURTHER ORDERED that the Wayne State University Defendants' Motion in Limine to Exclude Plaintiff's Lay Testimony Regarding Medical Condition and Economic Damages **(No. 88)** is GRANTED in part and DENIED in part as more fully set forth above.

IT IS FURTHER ORDERED that the Wayne State University Defendants' Motion in Limine to Exclude Irrelevant Evidence **(No. 90)** is GRANTED in part and DENIED in part as more fully set forth above.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine **(No. 91)** is GRANTED in part without prejudice and DENIED in part as more fully set forth above.

                                                                S/Denise Page Hood
                                                                Denise Page Hood
                                                                United States District Judge

Dated: November 14, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 14, 2012, by electronic and/or ordinary mail.

                                                                S/LaShawn R. Saulsberry
                                                                Case Manager