UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TINA M. VARLESI,**

    Plaintiff,

                                                      Case No. 10-14793

v.                                           Honorable Denise Page Hood

**WAYNE STATE UNIVERSITY, et al.,**

    Defendants.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court Plaintiff Tina M. Varlesi's March 5, 2012 Motion for Reconsideration (Doc. #97) of an Opinion and Order issued on February 16, 2012[1] dismissing certain Defendants and claims, leaving only the pregnancy discrimination and retaliation claims against the Wayne State University Defendants. (Doc. #81) Responses and supplemental briefs have been filed.

Plaintiff was a graduate student enrolled at Wayne State University's School of Social Work. As part of the program, Plaintiff was required to complete field work. In her second year, Plaintiff was placed as an intern with the Salvation Army's Adult Rehabilitation Center. Plaintiff's field supervisor at the Adult Rehabilitation Center was Joyce Stefanski, who gave Plaintiff a poor performance evaluation. Plaintiff alleges that she was dismissed from the Master's program because she was unwed and pregnant. Plaintiff filed a seven-count Second Amended Complaint against Defendants Wayne State University, Carol Premu, Anwar Najor-Durack, Phyllis I. Vroom, Shawna

---

[1] The Honorable Mark A. Goldsmith, originally assigned to the case, issued the Opinion. On April 25, 2012, a Notice was entered reassigning the case to the undersigned.

J. Lee, Antonio Gonzales-Prendes, Margaret Brunhofer, the Salvation Army and Joyce Stefanski. The claims set forth in the Second Amended Complaint are based on violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*, and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), M.C.L.A. § 37.2101 *et seq.*

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise. E.D. Mich. LR 7.1(h)(2). The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

Plaintiff raises three arguments in her Motion for Reconsideration: 1) the Court erred in granting summary judgment to Defendants Salvation Army and Stefanski as to Plaintiff's ELCRA claims on the basis that they are not agents of Wayne State University; 2) the Court erred in granting summary judgment to Defendants Salvation Army and Stefanski as to Plaintiff's ELCRA claims on the basis that they did not have an employee/employer relationship; and, 3) the Court erred in

dismissing Plaintiff's ELCRA marital status discrimination claims against the individual Wayne State Defendants.

Addressing Plaintiff's first argument, the Opinion noted that Michigan's ELCRA expressly provides that "agents" are liable. M.C.L.A. § 37.2491. (2/16/12 Opinion, p. 18)  "Agency" is defined in the opinion as "the fiduciary relationship that arises when one person (a 'principal') manifests asset to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assets or otherwise consents so to act." (2/16/12 Opinion, p. 18, quoting Restatement (Third) of Agency § 1.01 (2006)).  The Court's conclusion that no reasonable jury could find an agency relationship between Wayne State and the Salvation Army was not in error.  The Court found that no reasonable jury could find that the Salvation Army could or did act on behalf of Wayne State, that the Salvation Army owed a duty to Wayne State, or that Wayne State controlled the conduct of Stefanski or others at the Salvation Army. (2/16/12 Opinion, pp. 19-20) Plaintiff presents the same arguments ruled upon by the Court, either expressly or by reasonable implication.  Although Plaintiff characterizes "new facts" which were not properly raised before the Court previously, any new arguments raised by Plaintiff as to the agency issue in her Motion for Reconsideration cannot now be considered by the Court.

Regarding Plaintiff's second argument, the Court in its Opinion concluded that Plaintiff was not an employee of Stefanski or the Salvation Army or the Adult Rehabilitation Center under ELCRA. (2/16/12 Opinion, p. 23)  The Court applied the "economic reality test" to determine whether an employment relationship existed under ELCRA. (2/16/12 Opinion, p. 21) Specifically, the Court found that the key factors–lack of remuneration, the absence of effective control by the Salvation Army over Plaintiff's fate, and the non-essentiality of Plaintiff's work to the Salvation

Army's mission–demonstrate that Plaintiff was not an employee of the Salvation Army. (2/16/12 Opinion, p. 23) Plaintiff rehashes the same arguments previously raised before the Court.

As to Plaintiff's third argument, she argues that the same facts supporting the claims raised in her second argument also compel reconsideration as to the individual Wayne State Defendants Premu, Najor- Durack and Vroom on the marital status discrimination claims. (Doc. #97, p. 11) The Court found that imputing Stefanski's bias to the Wayne State Defendants is not a viable claim as to Plaintiff's marital status discrimination claim. (2/16/12 Opinion, p. 42) Plaintiff presents the same arguments on this issue which the Court previously ruled upon. Reconsideration is not appropriate.

The Court finds that Plaintiff has not demonstrated a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled. The Court will not reconsider the February 16, 2012 Opinion's findings and conclusions.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Reconsideration **(Doc. No. 97, filed 3/5/12)** is DENIED.

                                            s/Denise Page Hood
                                            Denise Page Hood
                                            United States District Judge

Dated:  December 5, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 5, 2012, by electronic and/or ordinary mail.

                                            s/LaShawn R. Saulsberry
                                            Case Manager