
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TINA M. VARLESI**

    Plaintiff,

-vs-                        Case No. 10-CV-14793

**WAYNE STATE UNIVERSITY**, *a Michigan non-profit corporation;* **CAROL PREMO, PH.D., ANWAR NAJOR-DURACK, DEAN PHYLLIS I. VROOM, SHAWNA J. LEE, ANTONIO GONZALES-PRENDES, MARGARET BRUNHOFER, THE SALVATION ARMY,** *a foreign non-profit corporation;* and **JOYCE STEFANSKI**, *jointly and severally,*

HON. DENISE PAGE HOOD

    Defendants.

---

| | |
|---|---|
| **Deborah Gordon Law** | **Miller Canfield Paddock and Stone** |
| **Deborah L. Gordon (P27058)** | **Megan P. Norris (P393 18)** |
| **Carol A. Laughbaum (P41711)** | **M. Misbah Shahid (P73450)** |
| Attorneys for Plaintiff | Attorney for WSU, Premo, Najor-Durack, |
| 33 Bloomfield Hills Parkway, Suite 220 | Vroom, Lee & Gonzales-Prendes |
| Bloomfield Hills, Michigan 48304 | 150 W. Jefferson, Suite 2500 |
| 248-258-2500/FAX 248-258-7881 | Detroit, Michigan 48226 |
| dgordon@deborahgordonlaw.com | 313-963-6420 |
| claughbaum@deborahgordonlaw.com | norris@millercanfield.com |
| | shahid@millercanfield.com |

---

**MEMORANDUM REGARDING JUDICIAL NOTICE
OF BUREAU OF LABOR STATISTICS DATA**

    Plaintiff **Tina Varlesi** by her attorneys **Deborah Gordon Law** requests that this Court take judicial notice of pertinent Department of Labor wage statistics and states as follows:

    FRE 201 provides that a Court may take judicial notice of facts not subject to reasonable dispute when they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. **Exhibit A**, FRE 201. The court must take judicial notice if a party

requests it and the court is supplied with the necessary information.  FRE 201 (c)(2)  The court may take judicial notice at any stage of the proceeding.  FRE 201(d)  On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed.  FRE 201(e)  In a civil case, the court must instruct the jury to accept the noticed fact as conclusive.  FRE 201(f).

Plaintiff requests that pursuant to FRE 201 the Court take judicial notice of the Occupational Employment Statistics for social workers compiled by the U.S. Department of Labor Bureau of Labor Statistics, and published on its website, http://www.bls.gov/oes/current/oes211029.htm.  *See* **Exhibit B**, Bureau of Labor Statistics OES Occupational Employment and Wages, May 2011.

Public records and governmental documents - including Bureau of Labor Statistics – have long been held to be a proper subject for judicial notice.  *See Pierce v. New York Cent.R.Co*. 304 F.Supp.44 (W.D. MI 1969)(acknowledging that federal district court can take judicial notice of publications of Bureau of Labor Statistics of United States Department of Labor).  This is also true with respect to public records and governmental documents available from reliable sources on the internet.  *United States ex rel Dingle v. BioPort Corp,* 270 F.Supp.2d 968, 972 (W.D. MI 2003)("government documents are generally considered not to be subject to reasonable dispute... This includes public records and government documents available on the internet.")  *See also Trundle v. Astrue*, 2010 WL 5421418 (E.D. Cal 2010)(The U.S. Department of Labor, Bureau of Labor Statistics "is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken" of its website.) Case law confirms that Bureau of Labor Statistics, specifically, including internet data, are routinely the subject of judicial notice. *See Hillensbeck  v. U.S*. 74 Fed. CL 477 (2006) (court taking judicial notice of BLS website data, citing FRE 201); *Woodfin*

*Suite Hotels LLC v. City of Emeryville*, 2007 WL81911 (N.D. Cal 2007)(judicial notice of BLS statistics showing wages in the hotel industry); *Vandegrift v. Atlantic Envelope Co.,* 2003 WL 22871661(E.D. Pa 2003)(judicial notice of Bureau of Labor Statistics workforce data); *Giles Industries, Inc. v. U.S.*, 650 F.2d 274 (Ct.Cl. 1981); *U.S. ex rel Berglund v. Boeing Co*. 2012 WL 1902599 (D.Or. 2012); *Rhoades v Walsh*, 2009 WL 2600094 (D.Me.2009); *Knoch v. Astrue*, 2009 WL 691926 (M.D.Fla 2009); *In re Davis*, 336 B.R.604 (W.D. N.Y. 2006).

The website data at issue regarding the wages of social workers, **Exhibit B**, is clearly properly the subject of judicial notice pursuant to FRE 201. Apparently the only bar to judicial notice of this data would be a failure to adequately identify the website where it is published. In *Polley v. Allen*, 132 S.W.3d 223 (2004) both the trial and appeals court agreed that this precise data - occupational wage statistics published by the U.S. Department of Labor, Bureau of Labor statistics - was authoritative and could be the subject of judicial notice. On appeal, however, the court agreed that judicial notice was improper in that the party offering it had not specifically identified the website/URL from which she claimed the data came. By contrast, in this case, Plaintiff has specifically identified the website and source of this government data, http://www.bls.gov/oes/current/oes211029.htm.

As set forth above, Plaintiff respectfully requests that this Court take judicial notice of the statistical facts set forth in **Exhibit B,** and issue an appropriate jury instruction pursuant to M Civ JI 3.13 - Fact Judicially Noticed.[1]

Plaintiff submits that an appropriate jury instruction on this issue is:

In this case, you must accept it as a fact that the wage statistics for social workers

---

[1] M Civ JI 3.13 - Fact Judicially Noticed
In this case, you must accept it as a fact that _____.

presented to you from the U.S. Department of Labor, Bureau of Labor Statistics website are true and accurate.

        Respectfully Submitted,

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
/s/Carol A. Laughbaum (P41711)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills Michigan 48304
Telephone 248 258 2500
dgordon@deborahgordonlaw.com

Dated: January 16, 2013    claughbaum@deborahgordonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2013, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
/s/Carol A. Laughbaum (P41711)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills Michigan 48304
Telephone 248 258 2500
dgordon@deborahgordonlaw.com
claughbaum@deborahgordonlaw.com