UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA M. VARLESI,                                Case No. 10-14793

            Plaintiff,                          Denise Page Hood
v.                                              United States District Judge

WAYNE STATE UNIVERSITY, *et al.*,               Michael Hluchaniuk
                                                United States Magistrate Judge
            Defendants.
_____/

## REPORT AND RECOMMENDATION REGARDING DEFENDANT SALVATION ARMY'S MOTION FOR COSTS AND ATTORNEY FEES (Dkt. 96)

Relevant Facts

A detailed statement of facts in this case is contained in Judge Goldsmith's order regarding the motion for summary judgement and need not be repeated here. (Dkt. 81). The following summary of the facts in this case are sufficient for purposes of deciding this motion. Plaintiff filed her initial complaint on December 2, 2010. (Dkt. 1). The complaint was amended on December 10, 2010. (Dkt. 4). The amended complaint alleged, generally, that plaintiff had enrolled in graduate school at Wayne State University in 2006, pursuing a master's degree in social work. As part of that program, plaintiff was involved in internships and one of those internships, during the second year of the program, was with the Salvation Army at a facility they operated known as the Romulus Adult Rehabilitation

1

Center . Joyce Stefanski, an employee of the Salvation Army, was her field supervisor for the internship.

Plaintiff was subsequently terminated from the master's program at Wayne State University purportedly, in part, based on her performance during the internship with the Salvation Army which was described in reports provided to Wayne State University by the Salvation Army. She initiated this litigation making various claims against Wayne State University, several of its employees, the Salvation Army and Joyce Stefanski. Her claims against the Salvation Army included discrimination and retaliation under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.*, and discrimination and retaliation under the Michigan Elliot-Larsen Civil Rights Act (MELCRA), M.C.L. § 37.2101, *et seq.*

The Salvation Army filed a motion for summary judgment on September 9, 2011. (Dkt. 54). District Judge Mark A. Goldsmith granted the motion for summary judgment as to the Salvation Army on February 16, 2012. (Dkt. 81). In ruling on the motion for summary judgment Judge Goldsmith determined that the Salvation Army was not an "educational institution" under Title IX and otherwise did not come within the scope of this federal law based on any "partnership" or agency relationship with Wayne State University, which did come within the scope of Title IX. (Dkt. 81, Pg ID 3353-55).

2

Additionally, Judge Goldsmith concluded that while the MELCRA also covered "educational institutions" and specifically included agents of such institutions, there was an insufficient agency relationship between Wayne State and the Salvation Army in these circumstances to establish liability on the Salvation Army under these provisions of state law.  (Dkt. 81, Pg ID 3355-58).  Other arguments by plaintiff such as discrimination in employment and place of public accommodation as to the Salvation Army were also ruled on in favor of  the Salvation Army.  (Dkt. 81, Pg ID 3358-66).

In the present motion defendant claims it is the prevailing party in this matter and therefore entitled to an award of attorney fees and costs. (Dkt. 96).  Defendant claims attorney fees in the amount of $88,750.00 and non-taxable costs in the amount of $4,162.19.   Plaintiff contends that defendant does not meet the criteria for an award of attorney fees and costs and therefore the motion should be denied. (Dkt. 101).  The oral argument on the motion took place on February 20, 2013, via teleconference.

<u>Standards For An Award Of Attorney Fees And Costs</u>

**Section 1988(b)**

Under 42 U.S.C. § 1988(b), "the court, in its discretion, may allow the prevailing party [in a number of civil rights actions including Title IX]  a reasonable attorney's fee as part of the costs."  On the face of the statute there would not appear

3

to be a difference between a prevailing plaintiff and a prevailing defendant with respect to an award of attorney fees in such an action but that is not the case. "[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422 (1978). A court should "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id*. at 421-22. The Sixth Circuit has stated that "awarding attorney fees against a nonprevailing plaintiff ... is 'an extreme sanction, and must be limited to truly egregious cases of misconduct.'" *Garner v. Cuyahoga County Juvenile Court*, 554 F.3d 624, 635 (6th Cir. 2009), quoting from *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986).

Defendant's pleadings do not address this standard. While defendant contends that the attorney fees and costs claimed are reasonable, defendant ignores the clearly heightened standard for an award of attorney fees against a non-prevailing plaintiff as is the case here. That standard requires a showing that plaintiff's claims were "frivolous, unreasonable, or groundless" in order to warrant an award of attorney fees. When asked during oral argument whether defendant has demonstrated that plaintiff's claims against this defendant were "frivolous, unreasonable, or groundless," counsel for defendant stated, in essence, that because there was no precedent for the claims

against this defendant that standard had been met.  No authority was offered by defendant in support of that argument.

Defendant contends, in its motion, that the issues involved in this case as to the Salvation Army were issues of first impression and defendant used that contention to bolster its argument for an award of attorney fees. (Dkt. 96, Pg ID 4045).   In *Christiansburg* the critical issue in the litigation was determined to be one of "first impression" and the plaintiff's position on that issue was not frivolous.  Based on that the Supreme Court decided an award of attorney fees against the non-prevailing plaintiff was not justified. 434 U.S. at 422-23.  Here, the issues relating to defendant's liability for plaintiff's claims were issues of first impression in this circuit.  While plaintiff's claims against the Salvation Army were ultimately dismissed, plaintiff's theories of liability against the Salvation Army were founded in a reasonable set of facts and logically based and therefore cannot be considered frivolous.[1]  In his order dismissing plaintiff's claims against the Salvation Army, Judge Goldsmith did not disparage plaintiff's arguments or find them frivolous.  (Dkt.  81).

In denying a request for attorney fees against a non-prevailing plaintiff in a civil

_____

[1]Plaintiff did proceed to trial against Wayne State University and did obtain a significant judgment in her favor.  Plaintiff's counsel stated, during oral argument, that the verdict could not have been obtained without proofs associated with the conduct of an employee of the Salvation Army.  While the undersigned makes no finding in that regard, suffice it to say that the conduct of a Salvation Army employee, as alleged by plaintiff, was factually and logically related to the claims against Wayne State University that plaintiff ultimately prevailed on.

rights case, the judge recognized that plaintiff had advanced a "novel legal theory" but concluded that the theory was not outlandish, facially unreasonable, or frivolous." *Testerman v. Swafford*, 2009 WL 128017 (E.D. Tenn.Jan. 16, 2009). In so ruling the judge quoted the following portion of the opinion in *Geyer v. Millner*, 673 F.Supp. 773, 776 (W.D.Va. 1987):

> This Court understands profoundly that the advancement and evolution of the law requires the presentation of novel, or indeterminate, legal theories. In a case such as this, where that theory is not facially unreasonable or frivolous, it is this court's role to protect and encourage earnest advocacy on unsettled issues. An award of attorney's fees to defendants in this action would suppress rather than encourage such advocacy.

While it may be accurate to say that no precedent in this circuit supported plaintiff's position as to the Salvation Army it would also be accurate to say that no Sixth Circuit precedent indicated plaintiff's position was without legal authority. Litigating an issue of first impression based on a reasonable set of factual allegations is not "frivolous, unreasonable, or groundless."

Defendant's request for costs under § 1988(b) suffers the same fate as its request for attorney fees. The plain language of the statute strongly indicates that costs and attorney fees are linked together and therefore subject to the same standard established in *Christiansburg*. The court in *Harris v. Maricopa County Superior Court*, 631 F.3d 963, 980 (9th Cir. 2011) came to that conclusion. "[D]efendants may recover their out-of-pocket expenses only with respect to claims for which attorney's

fees were recoverable - in other words, [plaintiff's] frivolous claims."  Given the determination that plaintiff's claims against this defendant were not frivolous, defendant is not entitled to an award of costs other than those previously taxed.

## 28 U.S.C. § 1927

Defendant seeks an award of attorney fees against counsel for plaintiff as a sanction under 28 U.S.C. § 1927.  This provision of the law allows a court to award sanctions against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously."  "We construe 'vexatiously multiplying proceedings' to include conduct where 'an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of non-frivolous claims.'" *Shepherd v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2002) (quoting from *Jones v. Cont'l Corp.*, 798 F.2d 1225, 1232 (6th Cir. 1986)).

Defendant argues that plaintiff's counsel should have known that the claims against the Salvation Army were frivolous because (1) the administrative claims were "dismissed" and (2) because counsel should have known about *O'Connor v. Davis*, 126 F.3d 112 (2d Cir. 1997).  The dismissal of related claims at the administrative level has little or no weight as to the merits of this litigation and defendant has not identified any authority contrary to that view.  *O'Connor* was a case identified by Judge Goldsmith as being persuasive, but not controlling, as to defendant's liability in this matter.  However, whether counsel was aware of the case or not, it is not

controlling precedent in this circuit and therefore does not demonstrate frivolousness in bringing such a claim in this circuit.  As noted above, pursuing a case of first impression in this circuit does not constitute a frivolous claim.

<u>Recommendation</u>

Based on the above it is recommended that defendant's motion for attorney fees and costs be **DENIED**.  Plaintiff has requested an award of attorney fees against defendant for pursuing this motion without recognizing the appropriate legal standards for seeking such relief.  Upon considering that request, it is recommended that it be **DENIED** as well.

Date: February 25, 2013            s/Michael Hluchaniuk
                                   Michael Hluchaniuk
                                   United States Magistrate Judge

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on February 25, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Deborah L. Gordon, Megan P. Norris, Muhammad Misbah Shahid, Heather G. Ptasznik, John T. Below, Lauren M. Phillips, and Patrick F. Hickey</u>.

                                   s/Tammy Hallwood
                                   Case Manager
                                   (810) 341-7887
                                   tammy_hallwood@mied.uscourts.gov