UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TINA M. VARLESI,**

    **Plaintiff,**

v.

    Case No. 10-14793
    Honorable Denise Page Hood

**WAYNE STATE UNIVERSITY,
THE SALVATION ARMY, CAROL
PREMO, ANWAR NAJOR-DURACK,
PHYLLIS I. VROOM, SHAWN J. LEE,
ANTONIO GONZALES-PRENDES,
MARGARET BRUNHOFER and
JOYCE STEFANSKI,**

    **Defendants.**

_____/

## ORDER DENYING DEFENDANTS' MOTIONS FOR NEW TRIAL AND/OR FOR JUDGMENT AS A MATTER OF LAW

**I.    BACKGROUND**

This matter is before the Court on a Motion for Judgment as a Matter of Law, New Trial, and/or Amendment of Judgment filed by the remaining Defendants Wayne State University, Carol Premo, Anwar Najor-Durack and Phyllis I. Vroom (collectively, "WSU Defendants"). After a jury trial in this matter, on January 31, 2013, the jury rendered its verdict and awarded Plaintiff $848,690.00 in damages. (Verdict Form, Doc. No. 128; Judgment, Doc. No. 130)

The WSU Defendants argue that the Court made several erroneous evidentiary rulings which require a new trial or remittur. They also claim that the Court's refusal to give several standard jury instructions was erroneous. The WSU Defendants assert that judgment as a matter of law in favor of the WSU Defendants should be entered because the facts fail to establish Plaintiff's burden of proof to establish a *prima facie* case of retaliation. Briefs have been filed.

**II.  MOTION NEW TRIAL**

**A.  Standard of Review**

Rule 59 of the Rules of Civil Procedure provides that a new trial may be granted to all or any of the parties and on all or part of the issues for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States. Fed. R. Civ. P. 59. Specific grounds for new trial have included: the verdict is against the weight of the evidence; the damages are excessive; for other reasons the trial was not fair; there were substantial errors in the admission or rejection of evidence; the giving or refusal of instructions were in error; and misconduct of counsel. *Clark v. Esser*, 907 F.Supp. 1069, 1073 (E.D. Mich. 1995); *City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749 (6th Cir. 1980); *Static Control Components, Inc. v. Lexmark Int'l, Inc.,* 697 F.3d 387, 414 (6th Cir. 2012). The grant or denial of a new trial is purely within the discretion of the trial

court and will not be reversed except upon a showing of abuse of discretion. *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989). The trial court has broad discretion in deciding a motion for a new trial to prevent a miscarriage of justice. *Clark*, 907 F.Supp. at 1073; *City of Cleveland*, 624 F.2d at 756; *Fryman v. Federal Crop Ins. Corp.*, 936 F.2d 244, 248 (6th Cir. 1991). If there is no motion for judgment as a matter of law made on the question of the sufficiency of the evidence, such is also not available as a ground for a motion for new trial. *Southern Ry. Co. v. Miller,* 285 F.2d 202, 206 (6th Cir. 1960). However, such a motion can be viewed as one claiming that the verdict was against the great weight of the evidence, which can be considered by the trial court as a motion for new trial under Rule 59. *Id.*

In considering a motion for new trial on the ground that the verdict is against the weight of the evidence, the court cannot set aside the verdict simply because it believes another outcome is more justified. *Denhof v. City of Grand Rapids,* 494 F.3d 534, 543-44 (6th Cir. 2007). The court must accept the jury's verdict and can only overturn the verdict if the verdict was against the weight of the evidence and the jury verdict was unreasonable. *Id.* Courts are not free to reweigh the evidence and set aside the jury verdicts merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable. *Bruner v. Dunaway,* 684 F.2d 422, 425 (6th Cir. 1982).

## B. Emotional Distress

### 1. Evidence of Other Sources of Emotional Distress

The WSU Defendants argue that Plaintiff was able to ask the jury to award her $1,000,000 in damages for emotional distress, but the WSU Defendants were barred from proving that they were not the primary cause of Plaintiff's emotional distress. The WSU Defendants note that in response to Plaintiff's counsel regarding how Plaintiff was affected by the WSU Defendants "emotionally," Plaintiff testified at length that she was extremely concerned, terrified, horrified, worried and stressed; that she had crying spells and was worried about the effects of the WSU Defendants' actions on her pregnancy. The WSU Defendants claim that the Court incorrectly excluded evidence that would have rebutted Plaintiff's evidence of emotional distress such as evidence regarding Plaintiff's 2007 engagement and medical records regarding a 2002 hospitalization in a mental institution. The WSU Defendants argue that even if Plaintiff's testimony was merely the "garden variety" emotional distress as she argued, any testimony rebutting here testimony was extremely probative and not more prejudicial. The WSU Defendants claim that Plaintiff opened the door as to her emotional distress and that they were entitled to present additional evidence regarding the cause of Plaintiff's emotional distress. The WSU Defendants assert that the other sources of emotional distress were relevant to liability, to bolster the WSU

Defendants' legitimate business reason and to impeach Plaintiff's credibility.

Plaintiff responds that she only sought to exclude the "details" of why her engagement ended in 2007 and not that the engagement ended. As to the 2002 hospitalization, Plaintiff argues that defense counsel was not precluded from asking Plaintiff about her emotional status as she testified to on direct.

At trial, the Court precluded questions by the defense regarding the 2007 engagement and the 2002 hospitalization. The Court initially found the evidence regarding Plaintiff's engagement and hospitalization relevant to Plaintiff's claim of emotional distress but more prejudicial than probative. The Court granted Plaintiff's Motion in Limine on these two issues, unless Plaintiff opened the door during her testimony at trial. (Order, Doc. No. 118, p. 10) At trial, Plaintiff testified regarding her emotional distress as a result of the WSU Defendants' actions. (Tr. at 257-61) The WSU Defendants sought clarification from the Court as to whether Plaintiff opened the door with her testimony. (Tr. at 266) Counsel for the parties argued the matter. (Tr. at 267-71) The Court ruled that Plaintiff did not open the door as to her medical record or the engagement break up. (Tr. at 272-73) The Court found that the circumstances of the break up engagement were more prejudicial than probative. (Tr. at 375-76)

"Broad discretion is given to the district courts in determinations of

admissibility based on considerations of relevance and prejudice, and those decisions will not be lightly overturned." *United States v. Jackson-Randolph,* 282 F.3d 369, 376 (6th Cir. 2002). After reviewing the Court's rulings in this matter, the Court finds that it did not abuse its discretion in finding that Plaintiff had not opened the door for the defense to question Plaintiff regarding the 2002 hospitalization or the 2007 engagement break up. The Court did not preclude the defense from questioning the extent of her emotional distress or to test Plaintiff's credibility on cross-examination. A new trial is not required based on this issue.

### C. Future Damages

The WSU Defendants argue that the Court improperly ruled that the question of future damages should be determined by the jury and that they are entitled to a new trial on damages or remittitur. They assert that Plaintiff's front pay calculation was unduly speculative and that the evidence presented by Plaintiff of the average salaries of social workers was simply not enough to support damages for wage loss. The WSU Defendants argue that this evidence required the speculative assumption that Plaintiff would have been successful in pursuing a social work career. The WSU Defendants claim that future damages were speculative and that the jury should not have determined the amount. The WSU Defendants also claim that Plaintiff failed to mitigate her damages.

6

Plaintiff responds that it asked the jury to award Plaintiff $750,000 in future economic damages based on the evidence presented, but the jury, in its discretion, awarded Plaintiff $200,000 in future economic losses, 25% of the amount sought by Plaintiff. Plaintiff claims that she provided ample evidence of her mitigation efforts.

Future damages or front pay is compensation for "the post-judgment effects of past discrimination." *Shore v. Federal Express Corp.,* 777 F.2d 1155, 1158 (6th Cir. 1985). "While the determination of the precise amount of an award of front pay is a jury question, the initial determination of the propriety of an award of front pay is a matter for the court." *Arban v. West Publishing Corp.,* 345 F.3d 390, 406 (6th Cir. 2003). The district court's determination of whether an award of front pay is appropriate must ordinarily precede its submission of the case to the jury. *Roush v. KFC Nat'l Management Co.,* 10 F.3d 392, 398-99 (6th Cir. 1993). Awards of front pay must be guided by consideration of certain factors, including: an employee's duty to mitigate; the availability of employment opportunities; the period within which one by reasonable efforts may be re-employed; the employee's work and life expectancy; the discount tables to determine the present value of future damages; and other factors that are pertinent on prospective of damage awards. *Id.* at 399. In a Title VII case, the defendant bears the burden of establishing that the plaintiff lacked diligence in mitigating damages by showing that there were substantially equivalent

position available and that the plaintiff did not diligently pursue those positions. *Madden v. Chattanooga City Wide Service Dep't.,* 549 F.3d 666, 680 (6th Cir. 2008).

After proofs were presented at trial, the Court allowed the issue of future damages to be brought to the jury. There was sufficient evidence for the jury to consider whether Plaintiff mitigated her damages. Although the Court did not allow Plaintiff to present expert testimony on the future damages issue because Plaintiff failed to disclose and designate an expert on this issue as required under Rule 26, the Court took judicial notice of the Bureau of Labor Statistics presented by Plaintiff. Courts have taken judicial notice of the publications of the Bureau of Labor Statistics of the U.S. Department of Labor. *See, Pierce v. New York Cent. R. Co.,* 304 F.Supp. 44, 45-46 (D.C. Mich. 1969). The Court finds it did not abuse its discretion in allowing the jury to consider the future damages issue.

### D. Delayed Admission of Evidence

The WSU Defendants claim that the Court delayed admission of two letters written by Pamela Mackey to Carol Premo (Exhibits I and J). They argue that the Court's failure to admit the letters in a timely manner allowed Plaintiff's counsel to raise the implication that the WSU Defendants may have manufactured the evidence after the fact, undermining the credibility of the WSU Defendants' key witnesses. The WSU Defendants assert that the Court ruled prior to trial that all evidence

regarding Plaintiff's performance at her Fall 2007 internship at the Veterans Administration was relevant to corroborate Joyce Stefanski's complaints against Plaintiff. (Order, Doc. No. 118) Exhibits I and J were letters regarding Plaintiff's performance at the VA.

At trial, Defendant Premo identified the letters sent to her by Mackey. Plaintiff objected to the letters as hearsay and the Court took the admissibility of the documents under advisement. The WSU Defendants called Mackey to testify that she wrote the letter, but the Court, in front of the jury required Mackey to produce the emails transmitting the letters. The emails were produced later, but the WSU Defendants claim that rather than allowing Mackey to further testify, the Court admitted the letters at the close of proofs. The WSU Defendants claim they were not allowed to use the letter to cross-examine Plaintiff since they were admitted after the close of proofs. The WSU Defendants assert that the letters were relevant to support that Plaintiff was removed from the program for legitimate non-discriminatory reasons. The WSU Defendants were only able to use the evidence during closing argument, which they claim negatively affected their rights to defend the allegations brought by Plaintiff.

Plaintiff responds that the WSU Defendants submit "zero legal support" that the delayed admission of the letters from Mackey requires a new trial. Plaintiff

claims the WSU Defendants' witnesses were legitimately cross-examined regarding the letters and that they could not get their stories straight as to the letters. Plaintiff states that the proffered letters were undated and/or unsigned and the reason for the delay was to allow the defense to establish the circumstances of the letters. Plaintiff claims the WSU Defendants never requested to recall Mackey to testify as to the letters. Plaintiff argues that despite the letters, the jury was not persuaded by the WSU Defendants' arguments.

A trial court under Rule 611 of the Rules of Evidence, "must have considerable discretion in controlling the mode and order of the proof at trial." *United States v. Lash,* 937 F.2d 1077, 1087 (6th Cir. 1991)(quoting *United States v. Vinson,* 606 F.2d 149, 152 (6th Cir. 1979)). The WSU Defendants cite no legal support for their contention that the Court's admission of their evidence at a later time requires a new trial. The Court admitted the evidence the WSU Defendants sought to be admitted and the WSU Defendants were able to argue the evidence at closing. A new trial is not required because the Court, in its discretion and after it was satisfied the proper foundation was laid by the defense as to the letters, admitted the letters the close of proofs.

### E. Remittitur

The WSU Defendants seek remittur claiming that the $848,690 awarded to

Plaintiff was excessive, shocks the conscience and against the great weight of the evidence. The WSU Defendants claim that given Plaintiff's age and job experience, a jury verdict amounting nearly 15 years of lost wages is excessive as a matter of law. They argue that the jury sought to punish the WSU Defendants and that punitive damages are not required under Michigan law. The WSU Defendants claim that Plaintiff did not properly support the requested damages based on emotional distress.

Plaintiff responds that the WSU Defendants provide no explanation or support for their bald assertion that the $849,000 verdict was "punitive" or otherwise excessive. Plaintiff asserts that emotional injury may be proved based on a plaintiff's own testimony and without medical support. As noted in the WSU Defendants' brief, Plaintiff testified at length as to her emotional distress damages claim. Plaintiff claims that the compensatory damages awarded by the jury are in line with other cases.

"A trial court is within its discretion in remitting a verdict only when, after reviewing all evidence in the light most favorable to the awardee, it is convinced that the verdict is clearly excessive." *Fuhr v. School Dist. of City of Hazel Park,* 364 F.3d 753 (6th Cir. 2004)(quoting *Farber v. Massilon Bd. of Educ.,* 917 F.2d 1391, 1395 (6th Cir. 1990)). Damages for mental and emotional distress will not be presumed and must be proved by competent evidence. *Moorer v. Baptist Memorial Health*

*Care System,* 398 F.3d 469, 485 (6th Cir. 2005). Emotional injury may be proved without medical support. *Id.* Such may be proved by a plaintiff's own testimony, along with the circumstances of a particular case. *Id.* Even if a plaintiff recovered only $16,000 in economic damages, but was awarded $300,000 for emotional distress, denial of motion for remittitur was affirmed by the appellate court. *Id.*, citing *Miller v. Alldata Corp.,* 14 Fed. Appx. 457, 467 (6th Cir. 2001).

The jury awarded damages in the amount of $848,690 ($148,690 in economic damages; $200,000 in future economic damages; and $500,000 in non-economic damages). (Verdict, Doc. No. 128) As noted by the WSU Defendants in their arguments regarding damages, Plaintiff testified extensively regarding her emotional injury. The WSU Defendants cannot now argue that she failed to testify regarding any emotional distress she suffered. Case law is clear that emotional injury does not require medical support. As to the amount, the Court concludes that the amount awarded by the jury is not so excessive to shock the conscience. Plaintiff submitted cases showing the damages were in line with other similar cases. The 2001 case noted above, *Miller*, awarded $300,000 for emotional distress. After reviewing the briefs submitted by the parties and the evidence presented at trial, viewing the evidence in the light most favorable to Plaintiff, the jury's total award of $848,690 will not be remitted.

### F.     In Limine Rulings

#### 1.     Manuals

The WSU Defendants argue that the issues presented at trial was whether Plaintiff was discriminated against on the basis of her pregnancy and whether she was retaliated against for complaining of pregnancy discrimination. They claim the issue was not whether Plaintiff was treated properly or in accordance with University policies. The WSU Defendants argue that allowing Plaintiff to use the two manuals (the School of Social Work Policy Manual and the Field Placement Manual) to interrogate the WSU Defendants as to whether the manuals were followed and to suggest to the jury that the manuals created contractual rights, obligations or duties to Plaintiff was improper since the issue before the jury did not involve any express or implied contract claim.

Plaintiff responds that the manuals were placed in evidence by both parties and introduced with no objection. Plaintiff asserts that this Court's order allowing testimony that the WSU Defendants failed to follow their own manuals and policies was relevant to the WSU Defendants' reasons for dismissing Plaintiff and their credibility.

In its Order regarding the parties' motions in limine, the Court allowed Plaintiff to present evidence that the WSU Defendants failed to follow their own manuals and

policies to show that their reason for their actions were mere pretext and to their credibility. The WSU Defendants did not object to the admission of the manuals. Although the WSU Defendants now argue that Plaintiff was alleging contractual issues at trial, the Court finds that its previous ruling allowing questions regarding whether the WSU Defendants followed their own manuals and policies goes to the issue of pretext and credibility. New trial is not required on this issue.

### 2. Salvation Army Statements

The WSU Defendants argue that the statements made by Salvation Army employees should not have been allowed since Plaintiff did not allege that the WSU Defendants had knowledge of the statements. Examples of statements include one made by a residential manager at the Salvation Army that Plaintiff looked like a "beached whale" and that "I'm sure your parents are really proud that their daughter is having a baby [out of wedlock]." (Br. at 33; Doc. No. 144)

Plaintiff responds that Plaintiff testified at trial she reported the comments to the WSU Ombudsman and Office of Equal Opportunity office. Plaintiff argues that the Court's ruling allowing the statements was not in error and the evidence was relevant and admissible.

After reviewing the parties' arguments, the Court finds it did not abuse its discretion in allowing the evidence as to statements made by the Salvation Army

14

employees. "Broad discretion is given to the district courts in determinations of admissibility based on considerations of relevance and prejudice, and those decisions will not be lightly overturned." *Jackson-Randolph,* 282 F.3d at 376. The Salvation Army statements were relevant to the issue of whether the WSU Defendants had knowledge of these statements.

### G. Jury Instructions

The WSU Defendants argue that the Court's failure to give certain jury instructions (same actor inference; presumption of regularity; business judgment) were in error. Plaintiff responds that the Court did not err in not giving these instructions to the jury.

The trial court has broad discretion in giving or declining to give jury instructions. *United States v. Tasis,* 696 F.3d 623, 627 (6th Cir. 2012). The same actor inference was not given at the Court's discretion because Court found that the facts shown at trial did not support issuance of the instruction. Plaintiff was not chosen by her advisor to be admitted into the program. The evidence did not show that the same person who made the decision to admit Plaintiff into the program also made the decision to fail Plaintiff. The Court will not reverse its previous ruling on this issue.

As to the presumption of regularity instruction, the Court did not give the

15

instruction because the issue of whether the individual WSU Defendants "regularly performed" their duties was being attacked by Plaintiff. The Court found that the "inference" instruction was sufficient. The Court did not err in its refusal to give this instruction.

Regarding the business judgment instruction, the Court declined to give this instruction because the evidence at trial did not show that Wayne State has broad discretion in its judgment, in light of Title IX, other regulations and its own policies as to its programs. The Michigan standard instruction on business judgment used in discrimination cases was used. A new trial is not required for the Court's refusal to give this instruction.

### III. MOTION FOR JUDGMENT AS A MATTER OF LAW

The WSU Defendants argue that they are entitled to a Judgment as a Matter of Law citing their trial brief, their motion for summary judgment and generally the evidence at trial that Plaintiff failed to establish a *prima facie* case of discrimination based on her pregnancy and a *prima facie* case of retaliation. The WSU Defendants generally argue that Plaintiff did not establish that the WSU Defendants' legitimate and nondiscriminatory reasons for the WSU Defendants' actions were pretext for discrimination or retaliation. Plaintiff responds that there was sufficient evidence at trial to support her claims of discrimination and retaliation.

Motions for Judgment as a Matter of Law are governed by Rule 50(a) of the Rules of Civil Procedure which provides:

> **(a) Judgment as a Matter of Law.**
>
> **(1)** *In General.* If a party has been fully heard on an issue during a jury trial and the court finds that reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
> (A) resolve the issue against the party; and
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
>
> **(2)** *Motion.* A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Fed. R. Civ. P. 50(a). If the court does not rule on the motion for judgment as a matter of law after the close of all the evidence the court is considered to have submitted the action to the jury. Fed. R. Civ. P. 50(b). The motion may be renewed by filing a motion no later than 28 days after the judgment has been entered. Fed. R. Civ. P. 50(b). Failure to make a pre-verdict motion for judgment as a matter of law under Rule 50(a) precludes any post-verdict motion under Rule 50(b) and any such claim is waived. *Sykes v. Anderson,* 625 F.3d 294, 304 (6th Cir. 2010); *American and*

*Foreign Ins. Co., v. Bolt,* 106 F.3d 155, 160 (6th Cir. 1997).

Judgment as a matter of law is appropriate when "viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion in favor of the moving party." *Tisdale v. Federal Express, Corp.,* 415 F.3d 516, 527 (6th Cir. 2005); *Jackson v. Quanex Corp.*, 191 F.3d 647, 657 (6th Cir. 1999). "The evidence should not be weighed, and the credibility of the witnesses should not be questioned. The judgment of this court should not be substituted for that of the jury; instead, the evidence should be viewed in the light most favorable to the party against whom the motion is made, and that party given the benefit of all reasonable inferences." *Tisdale,* 415 F.3d at 530. "[W]henever there is a complete absence of pleading or proof on an issue material to the cause of action or when no disputed issues of fact exist such that reasonable minds would not differ" only then is it appropriate to take the case away from the jury. *O'Neill v. Kiledjian*, 511 F.2d 511, 513 (6th Cir. 1975).

It is noted that the WSU Defendants merely referred to the briefs previously filed to support their argument in this motion. The Court is under no duty to sift through the record in search of evidence or argument in support of a party's position. *See In re Blazo Corp.,* 1995 WL 764130, *3 (6th Cir. Dec. 27, 1995); *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991). Rule 50(a) requires that the moving

18

party specify the law and facts that entitle the movant to the judgment. Fed. R. Civ. P. 50(a). The WSU Defendants have not done so.

As Judge Mark A. Goldsmith previously ruled in its order denying in part the WSU Defendants' Motion for Summary Judgment, Plaintiff established a *prima facie* case of discrimination and retaliation. As to pretext, there was sufficient evidence before the jury to find that the WSU Defendants' reasons for the actions it took against Plaintiff were mere pretext. The Court denies the WSU Defendants' Motion for Judgment as a Matter of Law.

## IV. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Wayne State University Defendants' Motions for Judgment as a Matter of Law, New Trial and/or Amendment of Judgment **[Doc. Nos. 143 and 144]** are DENIED.

S/Denise Page Hood  
Denise Page Hood  
United States District Judge

Dated: June 24, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 24, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry  
Case Manager