UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA M. VARLESI,
    Plaintiff,

v.

WAYNE STATE UNIVERSITY, *et al.*,
    Defendants
_____/

Case No. 2:10-cv-14793
District Judge Denise Page Hood
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION TO DENY AS MOOT MOTION TO DETERMINE ATTORNEYS' FEES AND FOR OTHER RELIEF, AND TO STAY DISTRIBUTION OF FUNDS (DE 233)

**I.     RECOMMENDATION**: The Court should deny as moot Deborah L. Gordon, P.L.C. d/b/a Deborah Gordon Law's motion to determine attorneys' fees and for other relief, and to stay distribution of funds, pursuant to the stipulation and settlement the parties placed on the record at the October 24, 2017 hearing, which resolved the motion.

**II.    REPORT**

    **A.     Procedural Background**

On December 20, 2010, Plaintiff, represented by Deborah L. Gordon, P.L.C. ("Deborah Gordon Law"), filed her complaint in this matter. (DE 1.) On January 31, 2013, a jury awarded Plaintiff monetary damages and the Court entered a Judgment in favor of Plaintiff and against Wayne State University in the amount of $858,690.00, plus interest, attorneys' fees, and costs. (DE 130.) On August 14, 2013, Magistrate Judge

2

Michael Hluchaniuk issued a Report and Recommendation as to Plaintiff's request for attorney fees, costs and interest incurred pre-judgment. (DE 163.) The Court accepted in part that Report and Recommendation in an Order dated July 21, 2017, and ordered that Plaintiff is entitled to attorney fees of $404,757, copying costs of $3,468.20, and $4,390.72 in additional costs through the date of the filing of the first motion for attorney fees and costs. (DE 214.) Also on July 21, 2017, the Court entered an order on Plaintiff's second motion for attorney fees, costs and interest, and ordered that Plaintiff is entitled to an additional $226,642 in attorney fees, as well as additional costs of $4,210.05, and pre- and post-judgment interest through May 4, 2016 (the date of the filing of Plaintiff's second motion for attorney fees) in the amount of $51,046.77. (DE 215.)

On June 28 and July 13, 2017, Salvatore W. Pirrotta and Katerina Vujea, respectively, of Miller Johnson, entered appearances on behalf of Plaintiff. (DE 204, 211.) On July 14, 2017, Deborah Gordon Law asserted a lien for work done and costs and attorney fees incurred on behalf of Plaintiff in this matter. (DE 213.)

On August 25, 2017, Defendant Wayne State University filed a motion to deposit judgment into the Court due to the conflicting claims of Plaintiffs' counsel, seeking to deposit the sum of $1,563,034.23 with the Clerk of the Court, representing the judgment

3

in this case, including all costs, fees and interest.  (DE 234.)  I granted that motion at a hearing on October 24, 2017, and the Order was entered on October 26, 2017.  (DE 250.)

### B.     The Instant Motion

On August 25, 2017, Deborah Gordon Law filed the instant motion for determination of attorneys' fees and for other relief, and to stay distribution of funds, stating that there is a dispute between Deborah Gordon Law versus Plaintiff and Miller Johnson regarding the distribution of the proceeds of the Judgment, including attorney fees.  (DE 233.)  Deborah Gordon Law asserted that the Court Awarded Attorney Fees totaled $640,852.31, but that under the retainer agreement, it is entitled take "the hourly fee [of] $350.00 for each hour of legal services, or one-third of the net recovery, WHICHEVER IS GREATER," which would result in a distribution in the amount of $759,919.81.  Deborah Gordon Law sought an immediate stay of the distribution of the Judgment Amount pending a hearing on this motion, an order for a distribution of $759,919.81 to Deborah Gordon Law, and for additional attorney fees, costs and interest related to bringing the motion.

Plaintiff opposed Deborah Gordon Law's motion, arguing that Deborah Gordon Law has "consistently change[d]" the amount of fees it claims it is entitled to receive.  (DE 238.)   Plaintiff asserted that Ms. Gordon's requests for fees were not supportable by the Retention Agreement or Michigan's Rules of Professional Conduct.  Plaintiff further

argued that there is no legal authority supporting Deborah Gordon Law's request for a stay of judgment.

Deborah Gordon Law filed a reply brief, again asserting that it is entitled to the fees awarded by the Court in the amount of $640,852.31, and that Plaintiff has waived her right to object to the those Court-awarded fees. (DE 248.) She argued that she is also entitled to additional fees under the Retainer Agreement in the amount of $169,855, or the quantum meruit doctrine in the amount of $205,448.75, for the additional hours she committed to this case, but that are not collectable against the State Defendants.

### C. Standard of Review

Pursuant to Federal Rule of Civil Procedure 54, the Court may, upon motion by a party, award attorney fees. Section 1988 of the Civil Rights Act authorizes an award of attorney fees to a party that has prevailed in litigation brought under § 1983. Parties are considered prevailing where they "succeed on *any significant issue* in litigation which achieves *some of the benefit* the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (internal quotations omitted) (emphasis added). A prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Id.* Courts calculate the amount of fees to award by multiplying the number of hours reasonably expended on litigation and a reasonable hourly rate, subject to any adjustments. *Id.*

5

**D. Analysis**

The parties came before me for a hearing on this motion on October 24, 2017, and the Court entertained approximately two hours of oral argument, taking DE 233 and 234 under advisement; however, soon after the conclusion of the hearing, the parties reported that they were able to reach a resolution, which was then placed on the record. Pursuant to the settlement and stipulation placed on the record on October 24, 2017, the parties agree that the Judgement Amount of **$1,563,034.23**, which Defendant Wayne State University is depositing with the Clerk of the Court pursuant to the Order for Deposit of Funds Into the Court (DE 250), shall be distributed as follows: a check in the amount of **$921,124.23** shall be made payable to **"Tina M. Varlesi,"** and a check in the amount of **$641,910.00** shall be made payable to **"Deborah L. Gordon, P.L.C.."** The parties' stipulation and settlement is reflected in the Court's Order on Plaintiff's motion (1) to expedite consideration of uncontested motion to deposit judgment into the court and (2) for immediate distribution of non-lien portion of judgment (DE 240), which gives direction to the Clerk of the Court as to how complete distribution is to be made. (DE 251.)

Based on the settlement and stipulation placed on the record at the October 24, 2017 hearing before me, which resolved the dispute, the Motion to Determine Attorneys'

6

Fees and for Other Relief, and to Stay Distribution of Funds should be **DENIED as moot**.

### III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d).  The response must specifically address

7

each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.


Dated: October 31, 2017                    s/Anthony P. Patti
                                           Anthony P. Patti
                                           UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on October 31, 2017, electronically and/or by U.S. Mail.

                                           s/Michael Williams
                                           Case Manager for the
                                           Honorable Anthony P. Patti